**George FUGATE and Carol Fugate**

v.

**AAA MACHINERY & EQUIPMENT COMPANY.**

**No. CIV–2–84–52.**

United States District Court, E.D. Tennessee, Northeastern Division.

Sept. 26, 1984.

John S. Bingham and Ward Huddleston, Jr., Kingsport, Tenn., for plaintiffs.

Philip P. Durand and Ronald L. Grimm, of Ambrose, Wilson & Grimm, Knoxville, Tenn., for defendant.

## MEMORANDUM AND ORDER

HULL, District Judge.

This is a products liability action in which plaintiff George Fugate claims he was injured when a grinding wheel he was operating exploded into dozens of pieces. Mr. Fugate was injured on December 28, 1982, and filed this action within one year from that date.

There appears to be no dispute that the grinding machine was first manufactured and placed into the stream of commerce in 1956. The defendant AAA Machinery & Equipment Company reconditioned the grinding machine in 1974, and sold it to the plaintiff's employer. AAA Machinery & Equipment Company has moved for summary judgment, Rule 56(b), Federal Rules of Civil Procedure, on the ground that T.C.A. § 29–28–103(a) is an absolute bar to products liability actions based on products "first purchased for use or consumption" more than ten years before suit is filed.

It appears that the Tennessee courts have not yet decided whether the seller of a reconditioned or rebuilt product can be held strictly liable in tort and, if so, whether a new ten year statute of limitations begins to run when that "new" product is sold. If, as the defendant contends, no products liability action may be brought on a reconditioned item first put into the stream of commerce over ten years after original manufacture, then a company which reconditions machinery such as the grinder at issue would never be liable to the purchaser or user even if its reconditioning were negligent and the product indeed were defective and/or unreasonably dangerous.

The Court notes that the drafters of the Model Uniform Product Liability Act (the Kasten bill) recommend that a seller of used products who rebuilds or remanufactures a product for resale be held liable as a manufacturer. U.P.L.A. §§ 102[B] and 104.

This Court is of the opinion that a piece of machinery that is substantially rebuilt or reconditioned becomes a "new" product for the purpose of a products liabil-ity action and that a new statute of limitations begins to run from the date of its sale. Whether the grinder at issue in this case qualified as a "new" product in 1974 is a factual issue not appropriate for summary disposition.

Accordingly, defendant AAA Machinery & Equipment Company's motion for summary judgment is hereby DENIED.