Rayford Lebron **ROLLINS** and wife, Angela Ann Rollins, Plaintiffs,

v.

**CHEROKEE WAREHOUSES, INC.,** Defendant.

Civ. No. 1–85–309.

United States District Court, E.D. Tennessee, S.D.

April 15, 1986.

Alvin Y. Bell, Harris, Moon, Bell & McCallie, Chattanooga, Tenn., for plaintiffs.

David L. Franklin, Luther, Anderson, Cleary & Ruth, Chattanooga, Tenn., for defendant.

## MEMORANDUM AND ORDER

EDGAR, District Judge.

This is a product liability action in which plaintiffs claim that defendant Cherokee Warehouses, Inc. sold a defective forklift to plaintiff Rayford Rollins' employer and that the defective nature of the forklift caused Rollins to be injured while using the forklift in the course of his employment. The Court has jurisdiction over this diversity case by virtue of 28 U.S.C. § 1332. This matter is presently before the Court for consideration of the motion for summary judgment filed by defendant Cherokee Warehouses, Inc. (hereinafter "Cherokee").

## I. FACTS

In 1984 plaintiff Rayford Rollins was employed by Yates Bleachery (hereinafter "Yates") in Flintstone, Georgia. Plaintiffs allege that on May 11, 1984, Cherokee sold and delivered to Yates an Allis-Chalmers forklift for use in moving materials used in Yates' industrial operations. On June 15, 1984, Mr. Rollins was operating the forklift when it overturned and pinned him beneath the forklift's overhead protective bar causing him considerable injury.

In their complaint plaintiffs allege that prior to selling the forklift to Yates Bleachery (hereafter "Yates"), defendant had substantially rebuilt or reconditioned the lift during the year prior to selling it to Yates. It is plaintiffs' contention that defendant negligently rebuilt, reconditioned, assembled, inspected and sold the forklift to Yates. It is alleged that the forklift was in a defective and unreasonably dangerous condition at the time it was sold to Yates and that Cherokee knew or should have known of the lift's unreasonably dangerous condition. Plaintiff's lawsuit is based upon theories of negligence, strict liability and breach of warranty.

Cherokee has filed a motion for summary judgment through which it contends that plaintiffs' action is barred by the ten-year limitation period set forth in T.C.A. § 29-28-103(a). In support of its motion, Cherokee has submitted the affidavit of Sam Smartt, Vice President of the Material Handling Division of Cherokee Warehouses, Inc., in which Smartt states that Cherokee purchased the forklift in question in 1971 or 1972. It is Cherokee's position that since Mr. Rollins was injured more than ten years after it first purchased the forklift from Allis-Chalmers, plaintiffs' action is absolutely time barred.

Plaintiffs respond to Cherokee's arguments by stating that because Cherokee rebuilt and reconditioned the lift prior to its sale to Yates, it became a "new" product for product liability purposes and that the statute of limitations began to run anew from the date Cherokee sold the lift to Yates. Plaintiffs premise this argument

upon the decision rendered in *Fugate v. AAA Machinery & Equipment Company*, 593 F.Supp. 392 (E.D.Tenn.1984). The validity of the arguments asserted by the parties is considered below.

## II. TEN–YEAR STATUTE OF LIMITATIONS

The Tennessee statute of limitations governing product liability actions set forth in the Tennessee Products Liability Act of 1978 (hereinafter the "Act") provides, *inter alia*, that an action must be brought within ten years from the date on which the product was first purchased for use or consumption. T.C.A. § 29–28–103(a). This provision has been the subject of considerable litigation and has withstood a variety of constitutional attacks. *See, e.g., Mathis v. Eli Lilly & Company*, 719 F.2d 134 (6th Cir.1983); *Buckner v. GAF Corporation*, 495 F.Supp. 351 (E.D.Tenn.1979). In the instant case, the Court is requested to determine the applicability of the statute in a situation where the plaintiffs do not dispute that ten years have passed since the product was "first purchased for use or consumption" but contend that the ten-year limitation period does not apply because the defendant rebuilt or reconditioned the product prior to selling it. Plaintiffs' contention is based entirely upon the decision in *Fugate v. AAA Machinery & Equipment Company*, 593 F.Supp. 392 (E.D. Tenn.1984).

In *Fugate*, the plaintiff was injured on December 28, 1982, when a grinding wheel he was operating exploded. The grinding machine was first sold in 1956. AAA Machinery reconditioned the machine in 1974 and sold it to the plaintiff's employer. After the machine exploded the plaintiff filed a product liability action against AAA Machinery. AAA Machinery moved for summary judgment on the ground that T.C.A. § 29–28–103(a) absolutely bars any product liability action where the product at issue was first purchased for use or consumption more than ten years prior to the date of filing suit.

After noting that the Model Uniform Product Liability Act (the "Kasten Bill") provides that a seller of used products who

rebuilds or remanufactures the products for resale should be held liable as a manufacturer, the Court stated as follows:

> This Court is of the opinion that a piece of machinery that is substantially rebuilt or reconditioned becomes a "new" product ror the purpose of a products liability action and that a new statute of limitation begins to run from the date of its sale. Whether the grinder at issue in this case qualified as a "new" product in 1974 is a factual issue not appropriate for summary disposition.

593 F.Supp. at 393. Thus, the Court denied the defendant's motion for summary judgment.

Where a product is substantially rebuilt or reconditioned it becomes a "new product" for purposes of a Tennessee product liability action. At this juncture, however, it is appropriate that the Court discuss and explain the possible application of the *Fugate* rule in the case at bar.

The court's opinion in *Fugate* does not discuss whether the defendant in that case was in the business of selling rebuilt or reconditioned products. Similarly, the record in the instant case does not indicate whether Cherokee was "in the business" of remanufacturing or reconditioning forklifts or other such equipment. This is a critical factor in determining whether the ten-year statute of limitations applies in a case in which the plaintiff is attempting to impose liability on a seller/rebuilder. The significance of a defendant being "in the business" of rebuilding used products and then placing them in the stream of commerce relates to the Act's definition of "seller"

and the Act's limitation of product sellers' liability. The Act defines "seller" as follows:

> "Seller" shall include a retailer, wholesaler, or distributor, and means any individual or entity engaged in the business of selling a product, whether such sale is for resale, or for use or consumption. Seller shall also include a lesser or bailor engaged in the business of leasing or bailment of a product.

T.C.A. § 29–28–102(7). Thus, in order for a rebuilder or reconditioner of products to be held liable as a seller under the Act, it must be "engaged in the business" of selling such products. This means that the seller, as a part of its commercial, profit-producing activity, is continuously involved in placing a particular product or line of products in the stream of commerce through selling the product to other persons or business entities. An entity is not a "seller" for purposes of the Act where the product is sold only incidentally or in an isolated transaction in an attempt to dispose of it. Thus, though it is not discussed in *Fugate*, the Act's definition of "seller" imposes a barrier which plaintiffs must surmount in cases in which they are trying to impose liability on a person or entity selling allegedly defective products.

The Act also protects sellers by limiting the circumstances under which product liability actions may be brought against them.[1] The Tennessee Act codifies the rule that the product must be in a defective or unreasonably dangerous condition at the time it leaves the control of the seller or the manufacturer before strict liability will

---

1. The parameters of a seller's liability under the Act are set forth in T.C.A. § 29–28–106 which states as follows: "Seller's liability.—(a) No product liability action as defined in § 29–28–102(6), shall be commenced or maintained against any seller when the product is acquired and sold by the seller in a sealed container and/or when the product is acquired and sold by the seller under circumstances in which the seller is afforded no reasonable opportunity to inspect the product in such a manner which would or should, in the exercise of reasonable care, reveal the existence of the defective condition. The provisions of the first sentence of this subsection shall not apply to:

"(1) Actions based upon a breach of warranty, express or implied, as defined by § 47–2–101 et seq.; or
"(2) Actions where the manufacturer of the product or part in question shall not be subject to service of process in the state of Tennessee and where service cannot be secured by the long-arm statutes of Tennessee; or
"(3) Actions where the manufacturer has been judicially declared insolvent.
"(b) No product liability action as defined in § 29–28–102(6), when based on the doctrine of strict liability in tort shall be commenced or maintained against any seller of a product which is alleged to contain or possess a defec-

attach. T.C.A. § 29–28–105(a). In cases such as this one where plaintiff's claim is based in part upon the doctrine of strict liability, the Act specifically prevents a seller from being held liable under a theory of strict liability unless the seller is "also the manufacturer of said product or the manufacturer of the part thereof claimed to be defective ..." T.C.A. § 29–28–106(b). This statute poses particular problems in a case where the entity sought to be held liable is alleged to have rebuilt or remanufactured the product. This is because an entity engaged in the business of selling products which it has reconditioned or remanufactured may not fall neatly within the Act's definition of "manufacturer."

■■■ The Act states, " 'Manufacturer' means the designer, fabricator, producer, compounder, processor or assembler of any product or its component parts." T.C.A. § 29–28–102(4). A remanufacturer or rebuilder could reasonably be deemed to be a "producer" or "assembler" of a product. Section 102(B) of the Uniform Products Liability Act (the "Kasten Bill," hereinafter "ULPLA") provides:

> Manufacturer. "Manufacturer" includes a product seller who designs, produces, makes, fabricates, constructs or remanufactures the relevant product or component part of a product before its sale to a user or a consumer. It includes a product seller or entity not otherwise a manufacturer that holds itself out as a manufacturer.
>
> A product seller acting primarily as a wholesaler, distributor, or retailer of a product may be a "manufacturer" but only to the extent that it designs, produces, makes, fabricates, constructs, or remanufactures the product before its sale.

Such a construction of the term "manufacturer" allows for an equitable apportionment of liability in a remanufacturing context since it allows a seller/rebuilder to be held liable as a manufacturer but only to

the extent that it remanufactures the product before sale. T.C.A. § 29–28–106(b). Therefore, a product liability plaintiff seeking to hold a seller/rebuilder liable on a theory of strict liability must, in effect, prove that the seller/rebuilder is both a seller and a manufacturer.

■■■ In the instant case it is not clear from the record whether Cherokee was engaged in the business of selling reconditioned or rebuilt forklifts or other such equipment at the time it sold the forklift to Yates. If Cherokee was engaged in such business, plaintiffs' action will not be barred by the ten-year statute of limitation. Further, regarding plaintiffs' strict liability claim, it is not clear whether Cherokee was a "manufacturer" of the forklift. These are factual issues that the parties have not yet explored. Thus, since there is not sufficient evidence in the record for the Court to determine that there is not a genuine issue of material fact, Cherokee's motion for summary judgment must be DENIED.

IT IS SO ORDERED.

---

tive condition unreasonably dangerous to the buyer, user or consumer unless said seller is also the manufacturer of said product or the manufacturer of the part thereof claimed to be defective, or unless the manufacturer of the

product or part in question shall not be subject to service of process in the state of Tennessee or service cannot be secured by the long-arm statutes of Tennessee or unless such manufacturer has been judicially declared insolvent."