**Robert Bruce WENGER and Sherry Wenger, Appellants–Plaintiffs,**

**v.**

**Lowell WELDY, Appellee–Defendant.**

**No. 43A03–9207–CV–219.**

Court of Appeals of Indiana,
Third District.

Jan. 13, 1993.

Transfer Decided March 24, 1993.

Alexander Lysohir, Thomas H. Singer, Nickle and Piasecki, South Bend, for appellants-plaintiffs.

Mark D. Ulmschneider, Steele, Ulmschneider & Eberhard, Fort Wayne, for appellee-defendant.

---

HOFFMAN, Judge.

Appellants-plaintiffs Robert Bruce Wenger (Bruce) and Sherry Wenger appeal the trial court's decision awarding summary judgment in favor of appellee-defendant Lowell Weldy in their action for personal injuries sustained by Bruce.

The facts relevant to the appeal disclose that Lowell was a farm implement dealer between 1954 and 1964. When Lowell retired in 1964, he retained from the business inventory a 1964 Oliver hay baler which he used in his farming operations.

Also, during the last eight years that Lowell was a farm equipment dealer, he owned a welding franchise. Lowell learned to weld from a salesman who held a welding class one evening. Additionally, Lowell read some books about welding. Lowell performed welding chores on his own equipment but did not engage in the business of welding for others.

In 1975, the cast iron hitch clevis on the hay baler broke. Lowell welded the hitch and continued to use the baler. In 1981 Lowell leased the baler to his son, Tim. Tim used the baler in his farming operation.

On July 6, 1988, Tim asked Bruce to assist in Tim's hay baling operation the next day. When Bruce arrived the next day, the equipment was already prepared. Bruce and Tim were situated in the wagon behind the baler to load the bales. Lowell drove the tractor to which the baler and wagon were joined. During the baling operation, the hitch separated allowing the baler to detach from the wagon. A shield attached to a rotating piece of equipment spun off and struck Bruce in the head causing severe injuries.

As a result of his injuries, Bruce filed a complaint against Tim and Lowell on June 25, 1990. Bruce alleged that his injuries were proximately caused by the negligence of Tim and Lowell and that "the hitch clevis was defective and unreasonably dangerous for its intended use." Pursuant to Lowell's motion for summary judgment, on April 15, 1992, the trial court determined that no genuine issue of material fact existed and that Bruce could not recover damages from Lowell. Although the court ordered that the action continue as to Tim, the summary judgment as to Lowell was made a final appealable order. This appeal ensued.[1]

The sole issue presented for review is whether the trial court erred in determining that the products liability statute of limitations[2] would bar the suit against Lowell.

The statute of limitations in product liability actions, IND.CODE § 33–1–1.5–5 (1989 Supp.), provides:

"(a) This section applies to all persons regardless of minority or legal disability. Notwithstanding IC 34–1–2–5, it applies in any product liability action in which the theory of liability is negligence or strict liability in tort.

(b) Except as provided in section 5.5 of this chapter, a product liability action must be commenced within two (2) years after the cause of action accrues or within ten (10) years after that initial delivery, the action may be commenced at any time within two (2) years after the cause of action accrues."

Citing *Denu v. Western Gear Corp.* (S.D.Ind.1983), 581 F.Supp. 7, 8, the Wengers argue that Lowell's act of welding the broken clevis hitch on the baler in 1975 in

---

1. Ind. Appellate Rule 8.2(B)(1) provides the method of citation to be used by counsel for appellants in the preparation of briefs. When citing decisions by the Court of Appeals, no reference should be made to individual districts.

2. The statute is actually one of repose; however, the parties and the title to Indiana's statutory provision refer to a "statute of limitations."

   "A statute of repose typically bars the right to bring an action after the lapse of a specified period, unrelated to the time when the claim accrued. The bar instead is tied to an independent event, such as delivery of the product to a purchaser in the stream of commerce for a products liability statute. A statute of limitations generally bars the bringing of an action after the passage of a given period of time following the accrual of the claim." *Alexander v. Beech Aircraft Corp.* (10th Cir. 1991), 952 F.2d 1215, 1218 n. 2. To avoid confusion, the statute will be referred to as a "statute of limitations."

essence created a new product which re-commenced the ten-year statutory period. Although this Court is not bound by federal court decisions construing Indiana law, where no Indiana cases have addressed the issue, the federal decisions are instructive. In *Denu* it was determined that Indiana's statute of limitations would not bar an interpretation allowing recommencement of the statute when a product has been reconditioned, altered, or modified to the extent that a "new" product has been introduced into the stream of commerce. (*Id.;*) *see also Black v. Henry Pratt Company* (7th Cir.1985), 778 F.2d 1278, 1282–1283 (if replacement part unreasonably dangerous and caused harm complained of, statute would begin to run at time of replacement).

■ The evidence indicates that Lowell welded the clevis hitch in 1975. The injury occurred in 1988. The Wengers contend that the statute did not commence until 1981 when Lowell leased the equipment to Tim. However, the statute provides that the action must be commenced "within ten (10) years after the delivery of the product to the *initial* user or consumer." (Emphasis added.) The evidence discloses, without assertions to the contrary, that Lowell became the initial user of the equipment in 1964 when he retired from the farm equipment business. Lowell transferred the baler from the business inventory and began using it in his farming operation. Accordingly, if Lowell's act of welding the hitch clevis constituted a modification or reconditioning to the extent that a new product was introduced into commerce, it occurred in 1975. The injury in 1988 and the lawsuit in 1990 fell outside the recommenced ten-year period.

Therefore, the award of summary judgment is affirmed.

Affirmed.

STATON and BUCHANAN, JJ., concur.