[Cite as *Jones v. Walker Mfg. Co.*, 2012-Ohio-1546.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97301**

## SCOTT ALLEN JONES, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## WALKER MFG. CO., ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-703745

**BEFORE:** Stewart, P.J., Sweeney, J., and Cooney, J.

**RELEASED AND JOURNALIZED:** April 5, 2012

**ATTORNEYS FOR APPELLANTS**

Paul W. Flowers
Paul W. Flowers Co., LPA
Terminal Tower, 35th Floor
50 Public Square
Cleveland, Ohio 44113

W. Craig Bashein
Anthony N. Palombo
Bashein & Bashein Co., L.P.A.
Terminal Tower, 35th Floor
50 Public Square
Cleveland, Ohio   44113-2216


**ATTORNEYS FOR APPELLEE EMMETT EQUIPMENT CO.**

Warren S. George
Lisa M. Gerlack-George
Keis George LLP
55 Public Square
Suite 800
Cleveland, Ohio   44113


**ATTORNEY FOR WALKER MFG. CO.**

William M. Kovach
Park Center Plaza II, Suite 450
6150 Oak Tree Blvd.
Independence, Ohio   44131

MELODY J. STEWART, P.J.:

{¶1} Plaintiff-appellant Scott Jones lost parts of the fingers on his left hand while trying to clear a clogged collection chute on a running lawnmower that had been sold to his father by defendant-appellee Emmett Equipment Co. Jones alleged that he had been unaware that there were rotating blades in the chute because a warning label affixed to the mower had been partially worn away or obscured the word "danger." He brought this action against Emmett and the manufacturer of the mower, Walker Manufacturing, Inc., raising statutory and common law products liability counts, a negligence claim that Emmett failed to affix a new warning label to the mower both when it sold the mower to his father and when conducting routine service on the mower a few years later, and claims for breach of express and implied warranties. Jones's wife filed a claim for loss of consortium. Both Walker and Emmett sought summary judgment on grounds that the ten-year statute of repose had expired, that any common law products liability claims had been preempted by statute, and that claims for breach of express and implied warranties were unfounded because the owner's manual made it clear that a clogged discharge chute should not be cleared while the mower was running. The court agreed and held that Jones's claims were "barred by the statute of repose and/or the Ohio Product Liability Act as codified in R.C. 2307.71-80." Jones only appeals the summary judgment as it relates to Emmett.

I

{¶2}   Jones first argues that the court erred as a matter of law by finding his claims barred by R.C. 2305.10(C)(1), the statute of repose.   He argues that the statute of repose applies only to manufacturers and that Emmett, as a reseller of the mower, could not use the statute of repose for post-production protection.   To so hold, argues Jones, would allow resellers to knowingly sell with impunity, a defective product as long as the statute had expired.

A

{¶3}   Unlike a statute of limitations that limits the time in which a plaintiff may bring suit after a cause of action accrues, a statute of repose extinguishes a cause of action after a fixed period of time, regardless of when the cause of action accrued.   *Sedar v. Knowlton Const. Co.*, 49 Ohio St.3d 193, 195, 551 N.E.2d 938 (1990).

{¶4}   R.C. 2305.10(C)(1) states:

> Except as otherwise provided in divisions (C)(2), (3), (4), (5), (6), and (7) of this section or in section 2305.19 of the Revised Code, no cause of action based on a product liability claim shall accrue against the manufacturer or supplier of a product later than ten years from the date that the product was delivered to its first purchaser or first lessee who was not engaged in a business in which the product was used as a component in the production, construction, creation, assembly, or rebuilding of another product.

{¶5}   The rationale behind a statute of repose is to protect manufacturers from unreasonable exposure to liability.   Statutes of limitations do not begin to run until a cause of action accrues.   Assuming that a cause of action does not immediately accrue, some potential defendants would face never-ending uncertainty as to liability for their work or products, particularly when the passage of time has faded memories or made it

difficult to find evidence or witnesses. Limiting the time in which to bring an action against the manufacturer of a product is considered a valid exercise of the legislative prerogative to provide for the general welfare of society. *Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 172. Nevertheless, statutes of repose have been called "strong medicine" because they preclude "even meritorious suits because of delay for which the plaintiff is not responsible." *McCann v. Hy-Vee, Inc.*, 663 F.3d 926, 930 (7th Cir. 2011).

B

{¶6} The undisputed facts show that the mower in question was built in January 1994 and first sold in February 1994. Emmett took possession of the mower in April 2004 as a trade-in from another customer. It sold the mower to Jones's father in May 2004.

{¶7} Jones does not dispute that the mower had been delivered to its first purchaser more than ten years before it had been sold to his father, nor does he dispute the validity of R.C. 2305.10(C)(1) as applied to manufacturers. He argues, however, that Emmett did not manufacture the mower, but resold it to Jones's father, so the statute of repose does not apply to Emmett.

{¶8} R.C. 2305.10(C)(1) refers to both "manufacturers" *and* "suppliers." R.C. 2307.71(A)(15)(a)(i) defines a supplier as "[a] person that, in the course of a business conducted for the purpose, sells, distributes, leases, prepares, blends, packages, labels, or otherwise participates in the placing of a product in the stream of commerce[.]" Emmett

indisputably conducted a business for the purpose of selling mowers and did place the mower into the stream of commerce. Indeed, Jones concedes that Emmett is a "supplier" as defined by R.C. 2307.71(A)(15)(a)(i). *See* Appellant's Brief at 18. It follows that R.C. 2305.10(C)(1) applied and barred Jones's products liability claims.

C

**{¶9}** Jones complains that the statute of repose should not apply because it would create a disincentive for suppliers to remedy known safety defects before reselling the product. In support of his argument, he cites *Groch*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, for the proposition that statutes of repose are not intended to create a "litigation-proof" class of used consumer goods.

**{¶10}** *Groch* recognized that "[a] plaintiff's right to a remedy is not necessarily extinguished when a particular statute of repose might apply to foreclose suits by that plaintiff against certain defendants." *Id*. at ¶ 151. It went on to state:

> Although R.C. 2305.10(C) may prevent some suits against product manufacturers, in many situations, an injured party may be able to seek recovery against other parties. For example, if an employer modifies a machine after it is acquired, the employer could be liable for the consequences of a negligent alteration. * * * [T]he General Assembly specifically recognized in Sections 3(C)(3) and (4) of S.B. 80 that after a product is delivered, a manufacturer or supplier lacks control over the product, over its uses, and over the conditions of its use and concluded that it is more appropriate for the party that controls the products to be responsible for any harm caused. *Id*. at ¶ 152.

**{¶11}** We do not read *Groch* to suggest implicitly that claims against suppliers who resell products are not barred by the statute of repose. Instead, we believe it does nothing more than emphasize the obvious proposition that a statute of repose is not

necessarily a judicial dead-end for a products liability case when other claims might be viably asserted. For example, the courts have found that statutes of repose are inapplicable in cases where a supplier rebuilds or reconditions a product beyond its intended useful life. *See, e.g., Denu v. W. Gear Corp.*, 581 F.Supp. 7 (S.D.Ind.1983) (applying Indiana law). In *Richardson v. Gallo Equip. Co.*, 990 F.2d 330, 331 (7th Cir.1993), the Seventh Circuit summarized its understanding of statutes of repose:

> We take two points to be clear, though authority is sparse. The first is that any reconstruction or reconditioning (as distinct from a mere repair—a familiar distinction in other areas of law, see, e.g., *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 81 S.Ct. 599, 5 L.Ed.2d 592 (1961)) which has the effect of lengthening the useful life of a product beyond what was contemplated when the product was first sold starts the statute of repose running anew. *Denu v. Western Gear Corp.*, 581 F.Supp. 7 (S.D.Ind.1983) (applying Indiana law); *Rollins v. Cherokee Warehouses, Inc.*, 635 F.Supp. 136 (E.D.Tenn.1986); *Fugate v. AAA Machinery & Equipment Co.*, 593 F.Supp. 392 (E.D.Tenn.1984). Otherwise the statute would create an inefficient incentive to reconstruct or recondition old products rather than build new ones, in order to reduce expected liability costs; for under such a regime a product rebuilt after ten years would be immunized from liability. The second point is that merely by incorporating a defective component into an old product the incorporator cannot obtain the protection from suit that the statute of repose gave the old product. *Black v. Henry Pratt Co.*, 778 F.2d 1278, 1282-83 (7th Cir.1985) (applying Indiana law); *Hinds v. CompAir Kellogg*, 776 F.Supp. 1102, 1107-08 (E.D.Va.1991), aff'd without opinion, 961 F.2d 211 (4th Cir.1992) (ditto). Here, for example, Gallo made the improvements to the Taylor forklift more than ten years after its original sale. Gallo could not by this fortuity obtain immunity from products liability should its components prove defective and as a result cause an injury to someone. *Id.* at 331.

{¶12} The evidence shows that Emmett did not rebuild or recondition the mower before selling it to Jones's father, nor did it incorporate any major new parts to the mower. It only performed a routine tune-up to put the mower in "working condition." As

*Richardson* points out, "repair" is distinct from "reconditioning," particularly when the buyer purchases a product in "used" condition as opposed to being reconditioned. The buyer of a rebuilt or reconditioned product has the expectation that the product will perform as new; the buyer of a ten-year old used product has no such expectation.

{¶13} Jones's father admittedly sought to buy a used, not a reconditioned, Walker mower. Having said that his wife was concerned that he was spending so much money on a ten-year old mower, Jones's father plainly had no expectation that the mower would perform as new and, in fact, sought assurances that the mower would continue to run for a long time given its age and cost. Emmett told him that "everything was fine" and that the mower would last "for a long, long time." Emmett's assurance that the mower operated properly and would continue to do so in the future is not the same as saying it was reconditioned to "as new" condition or would otherwise perform as new for purposes of the statute of repose.

{¶14} Civ.R. 56(C) permits the court to grant summary judgment when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. The facts are not in dispute, and we find as a matter of law that the ten-year statute of repose barred Jones's causes of action sounding in products liability. The court did not err by granting summary judgment on any claim stemming from the products liability statute, including Jones's claims for failure to warn under R.C. 2307.78(B)(6). Our holding that the statute of repose barred Jones's causes of action necessarily moots any

consideration of whether Jones assumed the risk of injury by putting his hand in the chute of an operating mower. *See* App.R. 12(A)(1)(c).

II

**{¶15}** Jones's argument that the court erred by granting summary judgment on his common law liability claims is more easily addressed. R.C. 2307.71(B) states: "Sections 2307.71 to 2307.80 of the Revised Code are intended to abrogate all common law products liability claims or causes of action." Jones admittedly suffered his injuries after the effective date of R.C. 2307.71(B), so his common law products liability claims are superseded by statute and barred as a matter of law.

**{¶16}** Judgment affirmed.

It is ordered that appellee recover of appellants its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, PRESIDING JUDGE

JAMES J. SWEENEY, J., and
COLLEEN CONWAY COONEY, J., CONCUR