


**FILED**

Mar 02 2020, 11:50 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 19S-CQ-590

## Bradley A. Estabrook,
*Plaintiff,*

–v–

## Mazak Corporation,
*Defendant.*

Argued: January 30, 2020 | Decided: March 2, 2020

Certified Question from the
United States District Court for the Northern District of Indiana

Case No. 1:16-CV-87-HAB

The Honorable Holly A. Brady, Judge

**Opinion by Justice Slaughter**

Chief Justice Rush and Justices David, Massa, and Goff concur.

**Slaughter, Justice.**

The Indiana Products Liability Act contains what we have held is a ten-year statute of repose. The statute requires a plaintiff to bring suit "within ten (10) years after the delivery of the product to the initial user or consumer." The only exception is for an action accruing at least eight years but fewer than ten years after the product's initial delivery. When that happens, a plaintiff can still sue within two years after accrual, even if more than ten years have elapsed since delivery. Because the statute has no other exceptions, we conclude its ten-year limitations period cannot be extended for any other reason—including a manufacturer's post-sale repair, refurbishment, or reconstruction of a product.

## Background Facts and Procedure

This case comes to us as a certified question from the United States District Court for the Northern District of Indiana. In 2014, Plaintiff, Bradley A. Estabrook, was injured while working on a machine owned by his employer, General Products Corporation. GPC bought this machine from Defendant, Mazak Corporation, which delivered it new in 2003—eleven years before Estabrook's injury.

In 2016, Estabrook filed a product-liability suit against Mazak in the Northern District of Indiana based on the court's diversity jurisdiction, alleging the machine was unsafe due to a design defect. Indiana law governs this dispute, and both parties agree that strict application of the Act's ten-year statute of repose would bar Estabrook's suit. But the parties acknowledge a judicially created exception to the statute of repose, according to which rebuilding or reconditioning a product might create a "new product", restarting the statutory clock. In a thoughtful opinion, the district judge observed that this exception has "questionable provenance" given that it originated in a federal case, that our court of appeals has incorporated it into Indiana law only in dicta, and that we have never interpreted the statute's scope authoritatively. So the district court certified to us the following question of Indiana law:

Can the statute of repose codified in Ind. Code § 34-20-3-1(b) be extended by post-sale repair/refurbishment/reconstruction of the product and, if so, what is the appropriate test to be used to determine whether the seller has done sufficient work to trigger the extension?

We accepted the certified question under Indiana Appellate Rule 64 and now answer it in the negative.

# Discussion and Decision

## A. The Act's statute of repose contains no exception for a product's repair, refurbishment, or reconstruction.

A plaintiff whose cause of action is subject to the Indiana Products Liability Act must bring suit within two years after the action accrues but not more than ten years after the product was first delivered to the buyer. Ind. Code § 34-20-3-1(b). The Act says the following:

> (b) Except as provided in section 2 of this chapter [concerning asbestos-related actions], a product liability action must be commenced:
>
> (1)      within two (2) years after the cause of action accrues; or
>
> (2)      within ten (10) years after the delivery of the product to the initial user or customer.
>
> However, if the cause of action accrues at least eight (8) years but less than ten (10) years after that initial delivery, the action may be commenced at any time within two (2) years after the cause of action accrues.

*Id*. The statute is unambiguous. And because this is not an asbestos lawsuit, the statute contains only one exception of note—for an action

accruing "at least eight (8) but less than ten (10) years" after initial delivery. *Id*. Yet even this limited exception does not apply here. Estabrook sustained his injury eleven years after his employer received the product, so his cause of action did not accrue "less than ten (10) years" after delivery.

Despite the statute's plain meaning and its inapplicable exception, Estabrook asks that we interpret the statute to include a further exception for a product that undergoes enough transformation—whether due to repair, refurbishment, or reconstruction—that it no longer qualifies as the original product. The point of this proposed interpretation is to treat the modified product as a "new product" that restarts the clock for suing. Estabrook's argument is not without some basis in case law, though our Court has yet to adopt it. And no other court to have addressed our statute of repose has applied the proposed "new-product" exception to resurrect an otherwise time-barred suit. Thus, the district court below is correct in observing that there is "no clear controlling precedent" on this issue. *Estabrook v. Mazak Corp.*, No. 1:16-CV-87-HAB, 2019 WL 5418117, at *1 (N.D. Ind. Oct. 22, 2019).

For nearly forty years, a few courts have suggested a possible unwritten exception to our statute of repose for modified products. For example, in 1983, the Southern District of Indiana hypothesized in dicta that Indiana's limitations period might restart when a manufacturer refurbishes a product and puts it back into the stream of commerce by reselling it. See *Denu v. Western Gear Corp.*, 581 F. Supp. 7, 8 (S.D. Ind. 1983). But the court had no occasion to decide the issue on the limited factual record before it. "The extent and nature of the manufacturer[']s alteration, modification or reconditioning of the product are certainly material questions of fact which have a bearing on whether the manufacturer has introduced a 'new' product into commerce and whether he should be held liable for defects in that product." *Id*.

A decade later the Seventh Circuit, also in dicta, addressed the proposed *Denu* exception and broadened it to include any "reconstruction or reconditioning … which has the effect of lengthening the useful life of a product beyond what was contemplated when the product was first sold".

*Richardson v. Gallo Equip. Co.*, 990 F.2d 330, 331 (7th Cir. 1993). Without such an exception, Judge Posner wrote, "the statute would create an inefficient incentive to reconstruct or recondition old products rather than build new ones, in order to reduce expected liability costs; for under such a regime a product rebuilt after ten years would be immunized from liability." *Id*. Again, however, the court had no occasion to decide the issue on the record before it because the manufacturer's added safety features did not extend the product's useful life. *Id.*

Also in 1993, our court of appeals cited *Denu* as "instructive" in determining that the statute of repose would not bar suit "when a product has been reconditioned, altered, or modified to the extent that a 'new' product has been introduced into the stream of commerce." *Wenger v. Weldy*, 605 N.E.2d 796, 798 (Ind. Ct. App. 1993). But the court found no basis for affording relief on that record. Even if the proposed *Denu* exception had restarted the limitations period, the action still would have been untimely. *Id.*

And as recently as 2010, our appellate court reaffirmed its embrace of the *Denu* exception in the abstract. See *Florian v. GATX Rail Corp.*, 930 N.E.2d 1190, 1200–02 (Ind. Ct. App. 2010). But the court held that merely repainting a product within the ten-year period of repose did not incorporate a "new component" to the product and thus did not restart the clock. *Id.* at 1201–02.

With these cases as precedent, Estabrook asks us to adopt a *Denu*-type exception that would restart the ten-year statute of repose when a manufacturer's refurbishment efforts yield a "new product". Such an approach would oblige courts to craft a test for assessing when a manufacturer's modification to its product is sufficiently different in degree that the result is a new product, different in kind from its predecessor. We decline Estabrook's invitation—both because the statute's plain meaning does not permit it and because the task is not susceptible of a clear, bright-line legal rule.

We begin by interpreting the statute "consistent with its plain meaning, by giving effect to what the legislature both said and did not say." *KS&E Sports v. Runnels*, 72 N.E.3d 892, 907 (Ind. 2017). As we have noted, the

statute is straightforward. It contains only one exception irrelevant here. And it does not mention "repair", "refurbishment", "reconstruction", or any comparable term that would authorize restarting the limitations clock when a manufacturer's subsequent, post-delivery actions have purportedly transformed the "product" initially delivered. Given these textual constraints, we decline to interpret the statute of repose to include an exception for product modifications that the legislature could have enacted but did not. And, it goes without saying, the legislature can always amend the statute if it concludes, consistent with the Seventh Circuit's opinion in *Richardson*, that sound public policy should not encourage manufacturers to modify existing products rather than build new ones by immunizing the former from liability. We express no view on these competing policy choices. They are for the legislature to weigh and decide. As we have noted previously, "[w]e neither applaud the wisdom" of the legislature's policy choices, "nor condemn their folly." *Id*. We merely interpret the statute the legislature enacts. The disputed statute before us today does not permit Estabrook's proposed "new-product" exception.

Though unnecessary to our disposition today, we also address the thorny issue of line drawing. If a court were to craft a "new-product" exception, what might it say? The inquiry recalls a longstanding philosophical issue of "object identity", which asks what properties define an object. Stated differently, the issue is at what point do changes to those properties create a new, distinct object. This is an ancient, still-unsolved riddle of metaphysics, which Plutarch made famous with his "Ship of Theseus Paradox". Plutarch put the question this way: Suppose Theseus sails back from Crete and docks his ship in an Athenian port. Over time, the Athenians, determined to preserve the ship, replace board after rotted board until they finally replace the last original piece. Plutarch asks, "Is this a new ship?" When a confident pupil answers "yes", Plutarch follows up by posing the difficult line-drawing question: "With which board did the ship become new?" Just as Plutarch's pupil was forced to answer the second question, so too would any court having to define when, specifically, a "new product' was delivered to the initial user. Because we decide this case based on the statute's plain meaning, we need not try to

resolve the line-drawing conundrum occasioned by this modern counterpart to Plutarch's ancient riddle.

We also reject Estabrook's two other proposed grounds for adopting a "new-product" exception. The first ground—*stare decisis*—fails for the simple reason that no prior decision from our Court has embraced this exception, so there is nothing for us "to let stand". It matters not that other courts—both state and federal—have paid lip-service to this exception. Such state and federal decisions may be persuasive, but they are not authoritative. And, relevant for *stare decisis* purposes, they are not binding on us, for we alone are the final arbiter of Indiana law and owe no deference to the interpretations of Indiana law pronounced by other courts.

Estabrook's other proposed ground for adopting a "new-product" exception—legislative acquiescence—also misses the mark. He argues that the legislature's failure to act after other courts embraced the exception amounts to its implied endorsement of those views. Estabrook reads too much into the legislature's silence. We do not know why the legislature did nothing in response to these decisions. Perhaps it is because, as Estabrook posits, the legislature believed these decisions to be correct. Or, alternatively, perhaps it is because the legislature was unmoved to act since no court to have embraced the exception granted relief by extending a plaintiff's time to sue. We discern no basis for preferring one inference over another. Thus, Estabrook's argument that the legislature has expressed its opinion through silence is better seen as the legislature's failure to express an opinion at all.

## B. The legislature wrote "or" but meant "and".

Until now, we have confined our discussion to the plain meaning of Subsection 34-20-3-1(b)(2) and its limited exception for claims accruing more than eight years and fewer than ten years after the product's initial delivery. But the careful reader will note another key feature of the statute warranting our attention and to which we now turn.

The conjunction separating the accrual and repose provisions in Subsections 1(b)(1) and 1(b)(2), respectively, is "or"—not "and". Thus, read literally, the statute says that a product-liability action, to be timely, "must be commenced: (1) within two (2) years after the cause of action accrues; **or** (2) within ten (10) years after the delivery of the product to the initial user or customer." I.C. § 34-20-3-1(b) (emphasis added). The plain meaning of the disjunctive "or" is that Estabrook's product-liability action is timely if either of the statute's two requirements is satisfied: **either** he sues within two years after his action accrues, **or** he sues within ten years after the product's delivery to his employer.

It is undisputed that Estabrook sued within two years after his claim accrued. His claim accrued when he was injured in November 2014. And he filed the underlying federal lawsuit in March 2016, well within the two-year accrual period. Given the statute's disjunctive "or", that alone should suffice to make his suit timely, though he sued more than ten years after the product's delivery in 2003. On this reading, the disjunct does not limit the time for filing suit but extends it.

But for nearly forty years, that is not how we have interpreted this statute. In *Dague v. Piper Aircraft Corporation*, 275 Ind. 520, 418 N.E.2d 207 (1981), we rejected a literal construction of these disjunctive provisions and held that the "clear intention of the legislature … was to limit the time within which product liability actions can be brought." *Id*. at 524, 418 N.E.2d at 210. We explained that a contrary reading—interpreting "or" literally—would render part of the statute meaningless.

> Plaintiff correctly argues that the interpretation of the statute we now adopt, in effect, changes the disjunctive term "or," which, of course, appears in the statute, to the conjunctive "and." While terms of this type should ordinarily be given their literal and normal definition when it is apparent that the resulting meaning was intended, this Court is not bound to blindly give effect to the word "or," when a disjunctive reading of the terms of the section would render meaningless a portion of the statute.

*Id.* at 526, 418 N.E.2d at 211.

We reaffirm *Dague*'s interpretation of the statute as one of limitation and repose. And, like *Dague*, we agree that the statute's best interpretation reads "or" as if it were "and". We elaborate here only to make clear that we do not disregard the disjunctive "or" lightly or because doing so suits our own policy preferences. Rather, we conclude that that is the only interpretation consistent with the **legislature's** stated preferences, as reflected in the entirety of its enactment.

Two provisions undergird our conclusion. One is the last sentence in Section 34-20-3-1: "However, if the cause of action accrues at least eight (8) years but less than ten (10) years after that initial delivery, the action may be commenced at any time within two (2) years after the cause of action accrues." In other words, if a plaintiff sues at least eight but fewer than ten years after the product's initial delivery, the suit is still timely if filed within two years after its accrual. But if Subsections (b)(1) and (b)(2) are disjuncts, then this is always true—no matter what—and the "However" sentence adds nothing because Subsection (b)(1) alone ensures that a product-liability action is timely if commenced "within two (2) years after the cause of action accrues". Stated differently, the "However" sentence would be surplusage if we were to interpret "or" literally. That is because the disjunctive "or" would treat as timely any action filed within two years after its accrual. And it would not matter how long it took the plaintiff to file suit after the product was first delivered. Under our surplusage canon, we prefer interpretations that give effect to every word and eschew those that treat some words as duplicative or meaningless.

The other key provision is Subsection 34-20-3-2(f), which further establishes that Section 1 is a "repose period"—meaning that it does not extend a plaintiff's time to sue but limits it. "Except for the cause of action expressly recognized in this section [concerning asbestos], this section does not otherwise modify the limitation of action or **repose period** contained in section 1 of this chapter." I.C. § 34-20-3-2(f) (emphasis added). As discussed above, Subsection 1(b)(2) would not be a statute of repose if we interpreted "or" literally by treating Subsections 1(b)(1) and 1(b)(2) as disjuncts. We would have to ignore Subsection 2(f)'s plain

statement that Section 1 is a period of "repose" to give effect to the "or" in Subsection 1(b)(1).

These provisions persuade us that this is one of those rare cases for invoking the absurdity doctrine. We apply the doctrine to give a statute "its obvious intended effect despite its plain text." *R.R. v. State*, 106 N.E.3d 1037, 1042 (Ind. 2018). The doctrine is "strong medicine" because it "defeats even the plain meaning of statutes." *Calvin v. State*, 87 N.E.3d 474, 477 (Ind. 2017). To apply the doctrine, we require a two-part showing that, in combination, sets "a very high bar." *R.R.*, 106 N.E.3d at 1042. The first is that the text imposes an outcome that no reasonable person could intend. *Id*. We find that requirement satisfied here. Given what the legislature said throughout Chapter 34-20-3, it intended Subsection 1(b) as a period of repose that limits a plaintiff's claim under the Act. We would undermine that intention were we to interpret the statute as written with the disjunctive "or".

We also find the second requirement satisfied here—that the judicial remedy is easy, limited to "changing or supplying a particular word or phrase whose inclusion or omission was obviously a technical or ministerial error". *Id.* (quoting A. Scalia & B. Garner, Reading Law: The Interpretation of Legal Texts 237–38 (2012)). The "fix" is what our forebears did in *Dague*—substituting "and" for "or" and thus reading the accrual and repose provisions in Subsections 1(b)(1) and 1(b)(2) not as disjuncts but conjuncts.

## Conclusion

For these reasons, we answer the certified question in the negative and hold that Indiana Code section 34-20-3-1(b) is a statute of repose that cannot be extended by a manufacturer's post-delivery repair, refurbishment, or reconstruction of the disputed product.

Rush, C.J., and David, Massa, and Goff, JJ., concur.

ATTORNEYS FOR APPELLANT

John C. Theisen
Nathaniel O. Hubley
Theisen & Associates, LLC
Fort Wayne, Indiana

ATTORNEY FOR *AMICUS CURIAE*
INDIANA TRIAL LAWYERS ASSOCIATION

Todd Barnes
George & Farinas, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Edward DeVries
Wilson Elser Moskowitz Edelman & Dicker LLP
Chicago, Illinois

Edward M. O'Brien
Wilson Elser Moskowitz Edelman & Dicker LLP
Louisville, Kentucky

ATTORNEYS FOR *AMICUS CURIAE*
PRODUCT LIABILITY ADVISORY COUNCIL, INC.

Jane Dall Wilson
Bradley S. Boswell
Faegre Drinker Biddle & Reath LLP
Indianapolis, Indiana